NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 22 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re: PACIFIC THOMAS
CORPORATION,

Debtor,

_____

KYLE EVERETT, Chapter 11 Trustee,

Plaintiff-Appellee,

 v.

THOMAS CAPITAL INVESTMENTS,

Defendant-Appellant.

No.    17-15052

D.C. No. 3:15-cv-06321-MMC

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Submitted March 15, 2018**
San Francisco, California

Before: PAEZ and IKUTA, Circuit Judges, and ADELMAN,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Lynn S. Adelman, United States District Judge for the Eastern District of Wisconsin, sitting by designation.

Thomas Capital Investments ("TCI") appeals a judgment of the district court affirming a judgment of the bankruptcy court allowing the Chapter 11 trustee to avoid $341,059.51 in preferential, fraudulent, and post-petition transfers. The bankruptcy court entered its judgment after finding that TCI, by failing to respond to the trustee's requests for admissions within thirty days, was deemed to have admitted all of the facts necessary to show that the transfers were avoidable. *See* Fed. R. Bankr. P. 7036 (stating that Fed. R. Civ. P. 36 applies in adversary proceedings).

TCI contends that the bankruptcy court erred by giving preclusive effect to a judgment it entered in a related adversary case between the trustee and an entity known as Pacific Trading Ventures. However, the bankruptcy did not give preclusive effect to the prior judgment. Instead, it found that the trustee had proved the elements of his case through the requests for admission. Thus, TCI's argument about the preclusive effect of the prior judgment is irrelevant.

TCI argues in its reply brief that the bankruptcy court erred in relying on the requests for admission because the trustee never filed a motion to deem the admissions admitted. Because this argument is raised for the first time in TCI's reply brief, it is waived. *See, e.g., Rowland v. Chappell*, 876 F.3d 1174, 1193 n.6 (9th Cir. 2017). Moreover, the argument is contrary to how Rule 36 operates. Rule 36 is self-executing, meaning that a party admits a matter by failing to serve a

response to the request within thirty days; the opposing party does not have to file a motion to deem the matter admitted. *See* Fed. R. Civ. P. 36(a)(3).

TCI also argues that the trustee should be penalized for not filing an answering brief in the district court. However, the district court resolved the appeal on the merits even though the trustee did not file a brief. The trustee has filed a brief in this court and does not raise any issues that the district court did not discuss in its ruling. We see no reason to penalize the trustee for not filing a brief in the district court.

Finally, TCI asserts that if this court determines in the related appeal between the trustee and Pacific Trading Ventures that the trustee did not prove that a certain lease was invalid, then the court must also reverse the judgment against TCI in this appeal. However, TCI does not develop a legal argument in support of this assertion, and therefore we deem the issue forfeited. *See, e.g., Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929–30 (9th Cir. 2003). Moreover, the bankruptcy court's order in this case was based on TCI's admissions, which were not at issue in the related case. Even if the court were to reverse the judgment in the related case, TCI's admissions would stand as an independent basis for the bankruptcy court's finding that the transfers to TCI involved avoidable transfers of the debtor's property.

**AFFIRMED.**